# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MUHAMMAD LEACH, | |
| Petitioner, | CIVIL ACTION |
| v. | No. 08-4835 |
| RAYMOND LAWLER, et al., | |
| Respondents. | |

**MEMORANDUM/ORDER**

Petitioner Muhammad Leach was convicted in Pennsylvania state court of possession of a controlled substance with intent to deliver and of criminal conspiracy. After seeking post-conviction relief in the Pennsylvania state courts, Leach filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. United States Magistrate Judge Linda K. Caracappa subsequently issued a Report and Recommendation ("R&R") recommending that the petition be denied and dismissed.

I agree with the conclusions of the R&R and add only one supplemental note. The R&R concludes that petitioner's ninth claim to relief, which relates to the alleged consideration of evidence outside the record by the Pennsylvania Superior Court, was procedurally defaulted as unexhausted. It is, however, not entirely clear that this type of claim is, in fact, cognizable under the state Post Conviction Relief Act ("PCRA"), *see* 42 Pa. Cons. Stat. § 9543 (enumerating the types of claims that may be brought in PCRA

1

proceedings). But even assuming *arguendo* that this claim (1) was *not* cognizable in PCRA proceedings, (2) was therefore exhausted, and (3) *is* cognizable on federal habeas review, the claim would fail on its merits. Petitioner's argument is that the Superior Court erred in rejecting his insufficiency of the evidence claim by relying on the statement that a police officer saw petitioner selling pink packets to buyers in a presumed narcotics transaction. While Leach is correct that the officer never testified that Leach participated in an exchange of pink packets, that fact is immaterial in light of the officer's testimony that he saw petitioner participate in what the officer "perceived to be narcotics transactions." Trial Tr. vol. 1, 35, July 11, 2003. The Superior Court's factual error was therefore harmless.

**AND NOW**, this 5th day of June, 2010, upon consideration of the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa (Docket No. 11), petitioner's objections to the Report and Recommendation (Docket No. 13), and the record herein, it is hereby **ORDERED** as follows:

(1) The Report and Recommendation is **APPROVED** and **ADOPTED** as supplemented by the foregoing memorandum;

(2) Petitioner's objections to the Report and Recommendation are **OVERRULED**;

(3) The Petition for a Writ of Habeas Corpus (Docket No. 1) is **DENIED** and **DISMISSED**; and

(4) A Certificate of Appealability is **NOT GRANTED**.

/s/Louis H. Pollak
Pollak, J.