# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MUHAMMAD LEACH, | |
| Petitioner, | CIVIL ACTION |
| v. | No. 08-4835 |
| RAYMOND LAWLER, et al., | |
| Respondents. | |

## MEMORANDUM/ORDER

Muhammad Leach filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in 2008 (Docket No. 1). On May 13, 2009, the Honorable Linda K. Caracappa, U.S. Magistrate Judge, issued a Report and Recommendation ("R&R") recommending that the petition be denied and dismissed (Docket No. 11). In an order entered on June 7, 2010 (Docket No. 17), I approved and adopted the R&R, as supplemented by an accompanying Memorandum. Leach's petition was denied and dismissed. In the June 7, 2010, order, I declined to grant a certificate of appealability. 28 U.S.C. § 2253(c). Leach appealed to the United States Court of Appeals for the Third Circuit, which, on December 3, 2010, also declined to grant a certificate of appealability.

Now pending before this court is a motion filed by Leach on May 26, 2011, entitled "Motion to Stay 28 U.S.C. § 2254 Habeas Corpus Petition." The motion, citing *Crews v. Horn*, 360 F.3d 146 (3d Cir. 2004), requests that Leach's petition for a writ of

1

habeas corpus be stayed while he exhausts certain claims of ineffective assistance of counsel in state court. Leach's habeas petition cannot be stayed at this time, however, because the petition was already dismissed and denied on June 7, 2010.

Leach's motion to stay was filed *pro se* and might be construed, charitably, as a motion for relief from a prior final order (*i.e.*, for relief from the June 7, 2010, order denying and dismissing his habeas petition). Fed. R. Civ. P. 60(b). Even so construed, the motion will be denied. *Crews* applies only to a "mixed" petition—one involving some claims for which the petitioner has exhausted the remedies available in state court and some claims for which state court remedies remain available. *See Crews*, 360 F.3d at 150-51. "[D]istrict courts have the discretion to stay mixed habeas corpus petitions but ... when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." *Id.* at 154; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2005) (observing that "stay and abey" procedure for mixed petitions "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court").

*Crews* does not apply to this case, because Leach's petition was not a "mixed" petition in the relevant sense. Although his petition contained both exhausted and unexhausted claims, the unexhausted claims either had been procedurally defaulted or were not cognizable in habeas. R&R, at 5-9. Under those circumstances, a stay of the federal petition is not appropriate; Leach had already defaulted on the opportunity to

exhaust his claims in state court.

Leach has offered no other reason to reconsider this court's prior order denying and dismissing his petition for a writ of habeas corpus. Thus, even construing the pending motion to stay as a Rule 60(b) motion for relief from a prior final order, the motion will be denied.

* * * * *

**AND NOW**, this 16 day of March, 2012, upon consideration of the petitioner's Motion to Stay 28 U.S.C. § 2254 Habeas Corpus Petition (Docket No. 21), it is hereby **ORDERED** that the motion is **DENIED**.

BY THE COURT:

Pollak, J.

3